JUDGE SULLIVAN

**18 CV 3575**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRIAN TOTIN,                                      Civil Action No.

                Plaintiff,

—against—

UPTOWN FLATS LLC,                                 **COMPLAINT**

                Defendant.                    **JURY DEMANDED**

------------------------------------------------------------X

The Complaint of the plaintiff, BRIAN TOTIN, respectfully shows and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement arising out of Defendant's unauthorized use of a multitude of photographs authored and owned by the Plaintiff. Plaintiff is an award winning photojournalist whose photographic work was published in a multitude of national publications including Sports Illustrated, ESPN the Magazine, Newsweek and The New York Times. Plaintiff subsequently became a real estate agent in New York City and parlayed his photographic expertise to make photographs of real estate for advertising purposes that result in a higher than average response rate of consumers to his advertising.

2. Defendant has willfully used with impunity and malicious intent photographs made by the Plaintiff without any form of authorization of the Plaintiff. Defendant used these images for advertising purposes in order to draw consumers to the properties Defendant was marketing and enjoyed brokerage commissions Defendant may have not been able to obtain without the

unauthorized use of the Plaintiff's photographs. Further, Defendant used Plaintiff's photographs to directly compete with Plaintiff.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and declaratory and injunctive relief for copyright infringement, arising under 17 U.S.C. §§ 101, et seq. This Court has original subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a), as this action asserts copyright claims arising under the laws of the United States.

4. This Court has personal jurisdiction over Defendant because Defendant is domiciled in this state and because Defendant conducts continuous, systematic, and routine business within this state and this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b),(c),(d), and 1400(a) because Plaintiff's claims arose in this district and because Defendant may be found in this District.

## THE PARTIES

6. The plaintiff herein is a citizen of the State of New York, County of New York.

7. Defendant Uptown Flats LLC is a domestic limited liability corporation organized under the laws of the State of New York. Uptown Flats LLC is a Licensed Real Estate Broker and under New York State law, a Real Estate Broker has vicarious liability for all actions undertaken by its associated salespersons or associate brokers.

## **ALLEGATIONS COMMON TO ALL CLAIMS**

I. **Plaintiff's Copyrighted Works**

8. Plaintiff has duly registered copyrights in and to 190 published photographs under the title "Published works of Brian Totin, 2018, Vol 1" with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements. The United States Copyright Office has issued a Certificate of Registration for "Published works of Brian Totin, 2018, Vol 1" under certificate number VA-2-098-415 with an effective date of registration of April 14, 2018.

9. The individually published photographs contained in the group-registered work "Published Works of Brian Totin, 2018, Vol 1," certificate number VA-2-098-415, are collectively referred to as the Totin Copyrighted Works herein.

10. The Totin Copyrighted Works are individual original works of authorship and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq.

11. Plaintiff owns the exclusive right to reproduce the Totin Copyrighted Works, distribute copies of the Totin Copyrighted Works to the public and display the Totin Copyrighted Works publicly. Plaintiff is entitled to all of the protections and remedies for the Totin Copyrighted Works accorded to a copyright owner.

## II. Defendant's Infringement of the Totin Copyrighted Works

12. On or about April 17, 2018, the Defendant and their Licensed Real Estate Salespersons, Yosef Tewel and Yurani Andrea Aguirre, acting on Defendant's behalf, published or caused to be published 10 of the photographs contained in the Totin Copyrighted Works to the website http://www.zumper.com as shown below:

(Continued on next page)

| |
|---|
| (#.1) Name of photographic file within The Totin Copyrighted Works. |
| (#.2) Copyright Infringement as published on www.zumper.com |
| (#.3) The Totin Copyrighted Works |
| |
| A.1 860RDSa5ek.jpg |
| A.2  |
| A.3  |

5

B.1 860RDSa5eBR.jpg

B.2

B.3











F.1 160clarea5cbr1.jpg
F.2
F.3



H.1. 2 160clarea5ck.jpg
H.2



H.3







13. Upon information and belief, the Defendant published or caused to be published the specific photographs referenced in paragraph 12 above to the website http://www.uptownflats.nyc.

14. In infringing upon the Totin Copyright Works, Defendant removed a watermark from each image prior to publication.

15. The removal of a watermark is prima facie evidence of willful copyright infringement.

16. The Defendant committed 10 separate infringements of the Totin Copyrighted Works.

## FIRST CAUSE OF ACTION
### Copyright Infringement

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. The Totin Copyrighted Works constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq. Plaintiff has recorded the copyrights in and to the Totin Copyrighted Works with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements.

19. Plaintiff owns the United States copyrights in the Totin Copyrighted Works, and the exclusive right to reproduce the work, distribute copies of the work to the public and display the work publicly. Plaintiff is entitled to all of the protections and remedies for the Totin Copyrighted Works accorded to a copyright owner.

20. On information and belief, in direct violation of Plaintiff's exclusive rights, Defendant has directly infringed, and unless enjoined by this Court, will continue to infringe the copyrights in the Totin Copyrighted Works by, among other things, publishing the specific photographs referenced in paragraph 12 above to various website without the consent of the plaintiff.

## SECOND CAUSE OF ACTION
### Vicarious Copyright Infringement

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. On information and belief, Defendant has the right, ability and responsibility to supervise their Licensed Real Estate Salespersons, Yosef Tewel and Yurani Andrea Aguirre, and on information and belief, did supervise them in their unlawful preparation, duplication, and distribution of the Totin Copyrighted Works.

23. On information and belief, Defendant enjoys a direct financial benefit from the preparation, duplication, and distribution of the infringements of the Totin Copyrighted Works.

24. In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant has vicariously infringed the copyrights in the Totin Copyrighted Works and in the specific photographs referenced in Paragraph 12 above.

### THIRD CAUSE OF ACTION
### Contributory Copyright Infringement
### (against all parties)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. On information and belief, Defendant knew or had reason to know that the publication of the Totin Copyrighted Works referenced in paragraphs 12 and 13 above are unauthorized reproductions of the Totin Copyrighted Works.

27. On information and belief, Defendant induced, caused, and materially contributed to the unauthorized preparation, duplication, distribution, and public display of the Totin Copyrighted Works, and continues to do so.

28. In violation of Plaintiffs' exclusive rights, Defendant has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights in the Totin Copyrighted Works.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

1. That the Court find that:

    a. Defendant has infringed the copyrights in the Totin Copyrighted Works;

      b. Defendant has vicariously infringed the copyrights in the Totin Copyrighted Works through the actions of the Defendant's Licensed Real Estate Salespersons Yosef Tewel and Yurani Andrea Aguirre;

      c. Defendant has contributed to the infringement of the copyrights in the Totin Copyrighted Works;

2. That the Court enter a declaration that Defendant's publication of the Totin Copyrighted Works constitutes infringement of the Totin Copyrighted Works.

3. That the Court find that as a direct and proximate result of Defendant's foregoing acts, Plaintiff is entitled to the following damages:

      a. At Plaintiffs' election, statutory damages of up to $150,000 for each separate Totin Copyrighted Work infringed for willful infringement pursuant to 17 U.S.C. § 504(c), or Plaintiffs' actual damages sustained as a result of Defendant's acts of copyright infringement according to proof and Defendant's profits obtained as a result of their acts of copyright infringement according to proof; and

      b. Plaintiff's reasonable attorneys' fees and costs pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and 17 U.S.C. § 505.

4. That the Court find that the threat of irreparable harm to Plaintiff as a result of Defendant's conduct leaves Plaintiff without adequate remedy at law, and therefore that Plaintiff are entitled to an injunction restraining Defendant, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, market, advertise, promote, produce, sell, or offer for sale the Totin Copyright

Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

5. That the Court enjoin Defendant, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, copy, publicly perform, market, advertise, promote, produce, sell, or offer for sale the Totin Copyrighted Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

6. That the Court grant such other, further relief as it deems just and proper.

Dated: April 23, 2018
New York, New York

Respectfully submitted,

BRIAN TOTIN, PRO SE

_____
Brian Totin
PO Box 230581
New York, NY 10023
(917)-881-1830
brian@briantotin.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 23, 2018
      New York, New York

                                  Respectfully submitted,

                                  BRIAN TOTIN, PRO SE

                                  Brian Totin
                                  PO Box 230581
                                  New York, NY 10023
                                  (917)-881-1830
                                  brian@briantotin.com